IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| LOTTIE THOMPSON-GROVES and WILLIAM GROVES, Plaintiffs, | ) ) ) ) |
| v. | CIVIL ACTION NO. 2:19-cv-188-KS-MTP |
| THE CRAB HOUSE INC., and BLACK BIRD PROPERTIES, LLC, Defendants. | ) ) ) ) |

**COMPLAINT**

I. **INTRODUCTION**

Plaintiffs, Lottie Thompson-Groves and Billy Groves (hereinafter, "Plaintiffs", file this Title III, Americans with Disabilities Act (hereinafter, "ADA") action against Defendants, The Crab House Inc. dba The Crab House and Black Bird Properties, LLC(hereinafter, "Defendants"), pursuant to 42 U.S.C. § 12181 et seq. In Count One of the Complaint, Plaintiffs seek to enjoin Defendants to remove architectural barriers from Defendant's facility. In Count Two of the Complaint, Plaintiffs seek to enjoin Defendants to maintain policies, practices, and procedures necessary to maintain Defendant's facility free of architectural barriers both now and once the architectural barriers are removed from Defendant's facility. In Count Three of the Complaint, Plaintiffs seek to enjoin Defendants' use of Defendant's facility to provide full and equal enjoyment of Defendants' facility to individuals with disabilities. Counts Two and Three of the Complaint seek independent relief in addition to the removal of architectural barriers from Defendants' facility. In Count Four of the Complaint, Plaintiffs seek an injunction requiring the Defendants to remove barriers in order to bring the facility into compliance with the ADA new construction Standards.

## II.   JURISDICTION, PARTIES, AND ARTICLE III STANDING

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter the "ADA"), and its implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3. Ms. Thompson-Groves suffers from neuromuscular tremors, stenosis of the neck and spine, heel spurs and bulging disks, all of which cause her to have balance issues, shaking, a limited use of hand functions, reduced motor function and other neurological and physical problems that limit her ability to walk stand, lift, bend, work, perform manual tasks, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Ms. Thompson-Groves' disability requires her to use mobility aids, particularly a cane and a walker, for locomotion. Therefore, Ms. Groves is disabled pursuant to the ADA, in that she suffers physical impairments substantially limiting one or more major life activities. 42 U.S.C. § 12102; *see also*, 28 C.F.R. § 36.104.

4. Mr. Groves has neuropathy, which substantially limits the use of his legs and feet, creates back problems, and severely limits the use of his right hand. His physical, medical condition limits his ability to walk, stand, lift, bend, work, perform manual tasks, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Mr. Groves' disability requires him to use mobility aids, particularly a wheelchair, for locomotion. Therefore, Mr. Groves is a person with a disability pursuant to the ADA, in that he suffers a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12101; see also 28 C.F.R. § 36.104.5.

5. Lottie Thompson-Groves and William Groves reside in Satsuma, Alabama which is approximately an hour and a half drive from Waynesboro, Mississippi. Lottie and William travel at least once per month to Waynesboro, Mississippi to visit Lottie's granddaughter Cora who is less than one year old and is Lottie's first grandchild. These trips are very special to her. Lottie, William, her son, and daughter-in-law often go shopping and eat in Hattiesburg since there are very few shopping or entertainment or dining options in Waynesboro. While in the Hattiesburg area, they often see movies, go to events and participate in family outings when William and Lottie visit their relatives. William often travels to Mississippi because he was raised in Mississippi and his family resides there.

6. Defendants, Black Bird Properties, LLC, ("hereinafter, Black Bird Properties") are registered to conduct business and are conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, Black Bird Properties, LLC "owns" and "leases to" The Crab House Inc., the business and real property and improvements known as The Crab House located at 3801 Hardy St, Hattiesburg, MS 39402, (hereinafter "Restaurant"). As a restaurant, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7)(F) and 28 C.F.R. § 36.104.

7. Defendant, The Crab House Inc, ("hereinafter The Crab House") is a corporation that is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction.  Upon information and belief, The Crab House Inc. "leases" and/or "operates" the business and/or real property and improvements known as The Crab House located at 3801 Hardy St, Hattiesburg, MS 39402, (hereinafter "Restaurant"). As a restaurant, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7)(F) and 28 C.F.R. § 36.104.

8. Because of the various types of barriers described below, the Plaintiffs have been denied full and equal enjoyment of the Defendants' premises on the basis of their disabilities.

9. Plaintiffs, accordingly, have Article III standing to pursue this case because: (1) they are people with disabilities, pursuant to the statutory and regulatory definition; (2) the Defendants' establishment is a place of public accommodation, pursuant to the statutory definition; (3) suffered a concrete and particularized injury by being denied access to the facility by architectural barriers, by policies and practices, and by denial of the use of the facility for their full and equal enjoyment as compared to non-disabled individuals; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein. (See Footnote 1). Furthermore, they have definite plans during 2019 to return to the facility.

III. **COUNT ONE – Failure to Design and Construct The Facility in Compliance with the ADA Standards and Remove Architectural Barriers When Readily Achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]**

10. Plaintiffs incorporate as if fully set forth, herein, the allegations of paragraphs 1-9.

11. Plaintiffs are informed and believe based on publicly available information that The Restaurant was constructed for first occupancy after the effective date of the ADA 2010 Standards. 28 C.F.R. § 36.406(a)(3) requires that all public accommodations which were built after March 15, 2012 shall be built in accordance with the ADA 2010 Standards. 42 U.S.C. § 12183(a) and (b).

12. When Plaintiffs last visited the facility in November 2019, they encountered the following barriers to access for themselves and others similarly situated:

**Parking**

12.1    There are no accessible parking spaces which are designated with signage as required by the ADA Standards, including at least one "van accessible" parking space;

12.2    There are no accessible parking spaces with required adjacent access aisles;

**Path of Travel from Parking Lot to Entrance Door**

12.3    The designated accessible parking spaces are not on the shortest accessible route to the entrance;

12.4    The cross slope of the ramp leading to the sidewalk exceeds the maximum required by the Standards;

**Entrance Door to The Crab House**

12.5    The operation of the entrance door hardware requires tight grasping or pinching of the wrist;

12.6    The space between the two sets of entrance doors does not meet the minimum requirements of the Standards for doors in a series;

**Bar Area**

12.7    The height and configuration of the bar is not designed in compliance with the Standards, as there is no lowered portion with the required knee and toe clearance usable by individuals with mobility impairments;

12.8    The bar does not contain any accessible seating which meets the height or maneuvering clearance requirements;

**Women's Restroom**

12.9  The height of the grab bars in the accessible toilet compartment exceed the maximum height requirements of the Standards;

12.10  The height of the operative part of the baby changing table is above the required reach ranges;

12.11  The height of the coat hook exceeds the required reach ranges;

12.12  The height of the rim of the lavatory exceeds the maximum height requirements;

12.13  The pipes underneath the lavatory sink are not insulated;

12.14  The bottom edge of the reflecting surface of the mirror exceeds the maximum height requirements;

12.15  The height of the paper towel dispenser exceeds the required reach ranges;

12.16  The operation of the door hardware requires tight grasping and twisting of the wrist in violation of the Standards.

13.  To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

14.  Unless Defendants take remedial action, Plaintiffs will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendants on the basis of their disabilities.

15.  Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action.  They are entitled to have reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

16. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an Order to remove the architectural barriers and bring the facility into compliance with the ADA Standards.

## IV. COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS [42 U.S.C. § 12182(b)(2)(A)(ii)]

17. Plaintiffs incorporate by reference and reallege all the paragraphs above as if fully set forth herein.

18. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access. Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

19. Defendants have failed to make modifications in policies, practices, and procedures as follows:

    a. Defendants have demonstrated that they have a policy of non-compliance with the ADA new construction Standards by the failure to design and construct the facility in compliance with the applicable Standards.

    b. The presence of architectural barriers identified in Count One demonstrates that the Defendants either have no policies or have failed to create, adopt, and/or implement policies and procedures for the removal of architectural barriers.

    **c.**    Defendants' policy and practice of not providing accessible parking and an accessible path of travel demonstrates a policy of excluding people with disabilities from being able to gain access to the entrance to the facility;

    **d.**    Defendants' policy of failing to provide accessible seating and tables in the bar area demonstrates a policy of excluding customers with disabilities from equal access to the services and amenities offered in the bar area;

    **e.**    Defendants failure to provide accessible restroom fixtures and other elements is further evidence of Defendants' exclusionary policies and practices;

    **f.**    As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendant's existing practice, either explicitly or implicitly, is to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities.

19. To date, Defendants have demonstrated that they have a policy of non-compliance with the ADA new construction or alteration Standards by the failure to design and construct the facility in compliance with the ADA 2010 Standards.

20. To date, the Defendants' discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

21. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

22. Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendants from engaging in these discriminatory policies, practices, and procedures.

23.     Therefore, the Plaintiffs hereby demand that Defendants both create and adopt a corporate practice and policy that Defendants (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from Defendants' establishment; and (b) Defendants will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments, full and equal enjoyment and use of all goods and services.

V.     **COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT**

24.     Plaintiffs incorporate by reference and reallege all the paragraphs above as if fully set forth herein.

25.     Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a).  Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

26.     For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities from full and equal enjoyment of the privileges and services offered by the public accommodation. 42 U.S.C. 12182.

27.     Plaintiffs were denied full and equal access to the Restaurant due to Defendants' denial of equal services and benefits. As compared to individuals without disabilities, Plaintiffs experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

     **a.**    The inaccessible features of the parking lot create inferior conditions for Plaintiffs when attempting to park, exit a vehicle and traverse the path to the entrance;

     **b.**    The inaccessible features of the entrance ramp create unequal travel conditions for Plaintiff and others similarly situated;

     **c.**    The lack of accessible seating in the bar area prohibited Plaintiffs and other individuals with disabilities from being able to equally access and independently use the seating and service options provided to customers without disabilities;

     **d.**    The inaccessible features of the women's restroom prohibited Plaintiff, Thompson-Groves, from equally using the fixtures, the entrance, and other elements without assistance or without difficulty or personal humiliation or hardship;

     **e.**    Defendant's continued failure to maintain ADA accessibility as an integral part of the facility and restaurant experience has segregated or otherwise treated Plaintiffs and others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiffs to be dependent on others to attempt access and caused them to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

**28.**    Defendant's conduct and unequal treatment of Plaintiffs constitute continuous discrimination in violation of the ADA. 28 C.F.R. § 36.211(a).

**29.**    Absent a Court ordered injunction, Defendants will continue to deny Plaintiffs equal access to the goods and services offered at the Restaurant.

30. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

31. Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiffs.

## VI. COUNT FOUR – FAILURE TO Remove Architectural Barriers when readily achievable [42 U.S.C. § 12183(a)(1)]

32. Plaintiffs incorporate by reference and reallege all the paragraphs above as if fully set forth herein.

33. The ADA requires that all newly constructed facilities be designed and constructed according to architectural standards set by the Attorney General. 42 U.S.C. §§ 12183(a), 12186(b). Those Standards are incorporated into the Department of Justice's regulation implementing title III of the ADA, 28 C.F.R. Part 36, Appendix A. The Standards set architectural requirements for places of public accommodation which were constructed after March 15, 2012. Thus, Defendants violated the statute by failing to design and construct the Restaurant in accordance with the applicable Standards.

34. To date, architectural barriers remain at the facility due to Defendants' failure to remove readily achievable barriers and/or comply with the ADA design and/or alteration Standards.

35. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**36.**     Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendants by ordering the facility brought into compliance with the Standards.

**WHEREFORE,** premises considered, Plaintiffs demand judgment against the Defendants on Counts One through Four and request the following injunctive and declaratory relief:

**1)**     That the Court declare that the Defendants as well as all Defendants' illegal actions described herein violate the ADA, as more particularly described above;

**2)**     That the Court enter an order requiring the Defendants to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

**3)**     That the Court enter an order directing the Defendants to modify their policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

**4)**     That the Court enter an order directing the Defendants to provide full and equal access to the use of the Restaurant and maintain the required accessible features at the establishment so that Plaintiffs, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

**5)**     That the Court enter an order directing the Defendants to immediately remediate the architectural barriers at the Restaurant by conducting readily achievable barrier removal as required. (See Count Four);

**6)**     That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiffs.

**7)**     That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date:  November 22, 2019

Respectfully submitted,

*Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 22nd day of November 2019 to the following:

**The Crab House Inc.**
c/o Registered Agent: Yuanchun Yang
3801 Hardy Street
Hattiesburg, MS 39404

**Black Bird Properties, LLC**
c/o Registered Agent: Nancy Merle McMillan
610 Longwood Court
Hattiesburg, MS 39402

*Pshon Barrett*
PSHON BARRETT, ESQ.
*Attorney for the Plaintiffs*